```
              ___ FILED          ___ RECEIVED
              ___ ENTERED        ___ SERVED ON
                        COUNSEL/PARTIES OF RECORD

                      MAR 2 1 2011

                   CLERK US DISTRICT COURT
                    DISTRICT OF NEVADA
              BY: _____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

EDWARD E. SEELY,                     )
                                     )
                Plaintiff,           )        cv
                                     )   3:08-cv-00125-RCJ-RAM
        vs.                          )
                                     )
JIM GIBBONS et al.,                  )        ORDER
                                     )
                Defendants.          )
_____)

Plaintiff Edward E. Seely has sued several Defendants for constitutional violations arising out of his incarceration at the Northern Nevada Correctional Center.  Plaintiff's remaining claims include: (1) an Eighth Amendment conditions-of-confinement claim; (2) an Eighth Amendment deliberate-indifference claim; (3) a Fourteenth Amendment procedural due process claim; (4) a Fourteenth Amendment equal protection claim; and (5) Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") claims.

Pending before the Court are two Reports and Recommendation ("R&R") on three motions.  The first R&R, (see R&R, Feb. 2, 2011, ECF No. 271), concerns Defendants' Motion to Seal (ECF No. 221) and Motion for Summary Judgment (ECF No. 222).  The Court adopts the R&R in part and grants both motions in full.  Although the Magistrate Judge's elucidation of the general standards applicable to the case are correct, the Court respectfully disagrees with some

1    of the conclusions in the R&R and therefore adopts it only in part.

2          As to the conditions-of-confinement claim, Plaintiff was not denied minimally sanitary

3    conditions. He was denied a particular method of showering (a wall-mounted shower bench).

4    The provision of allegedly unstable shower stools as an alternative to showering directly in a

5    wheelchair does not violate the Eighth Amendment. Plaintiff does not allege that he was forced

6    to use the chairs or hat he was harmed from any resulting fall. The risk from such a fall was only

7    prospective, because Plaintiff admits he had the option to shower in his chair rather than attempt

8    a transfer to the stool. Defendants are entitled to summary judgment on the conditions-of-

9    confinement claim.

10         Defendants are also entitled to summary judgment on the deliberate indifference claim.

11   As the Magistrate Judge notes, there is no evidence apart from Plaintiff's deposition testimony

12   that he suffered from bed sores, that any bed sores were a result of showering in a wheelchair, or

13   that Plaintiff ever complained to anyone about bed sores.

14         Finally, Defendants are entitled to summary judgment on the ADA/RA claim. Plaintiff

15   does not allege he was denied the ability to shower based on his disability. He alleges only that

16   it is easier for him to shower with a wall-mounted bench. But even assuming an ADA claim had

17   been viable at some point, as the Magistrate Judge notes, the only available measure of relief

18   remaining on this claim is an injunction. This measure of relief has become moot due to the

19   admitted installation of the desired facilities in unit three by the time Plaintiff was transferred

20   back to that unit on November 4, 2008. (*See* Seely Dep. 56, July 21, 2010, ECF No. 222-2, at

21   12).

22         The court adopts the second R&R, (*see* R&R, Feb. 10, 2011, ECF No. 273), denying

23   Plaintiff's Motion to for Preliminary Injunction (ECF No. 239) as moot.

24   ///

25   ///

1                                **CONCLUSION**

2          IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 271) is

3     ADOPTED in part and REJECTED in part, and the Motion for Summary Judgment (ECF No.

4     222) is GRANTED.

5          IT IS FURTHER ORDERED that the Report and Recommendation (ECF No. 273) is

6     ADOPTED, and the motion for Preliminary Injunction (ECF No. 239) is DENIED.

7          IT IS SO ORDERED.

8     Dated this 21st day of March, 2011.

9

10                                   ROBERT C. JONES
                                 United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25